In the Matter of the Estate of WILLIAM E. STEVENSON, Deceased.

Surrogate's Court, Washington County, January 7, 1947.

---

\* See, also, *Stuart* v. *Trihas*, 188 Misc. 116.— [REP.

*Harry L. Russell* for Lucy H. W. Stevenson, as executrix.

*Ernest P. Felt* for Frank F. Stevenson, as executor.

*Albert Berkowitz* for State Tax Commission.

Dewell, S.  The decedent died a resident of Washington County on November 8, 1945, at the age of sixty-eight years. The immediate members of his household were a wife, Lucy H. W. Stevenson, and a brother, James Howard Stevenson.

Within two years prior to his death the decedent had purchased with his own funds annuities for the benefit of this brother totaling $25,010.22.  The decedent had likewise purchased annuities for the benefit of his wife totaling $13,903.21. The annuities were all purchased between June 26, 1944, and July 28, 1944.

For estate tax purposes the cost of these annuities was included as part of the gross estate by the State Tax Commission upon the ground that they constituted transfers made in contemplation of death or transfers effective upon death within the meaning of section 249-r of the Tax Law.

From the order, dated May 4, 1946, entered upon the report of the State Tax Appraiser fixing and assessing the tax, the executors have appealed.

The evidence disclosed that the decedent in July of 1944 first consulted Dr. MacArthur.  On this visit he told the doctor of having suffered an attack of pneumonia the previous winter and inquired about the condition of his heart.  The examination revealed blood pressure above 200 which the doctor considered a little too high and prescribed tablets to reduce it.  The doctor further stated he advised the decedent that any heavy physical exertion might bring on a heart attack.  Thereafter, the decedent saw the doctor at irregular intervals but at least once a month and sometimes every two weeks.  The doctor further testified that during the course of the treatments the decedent complained of pain in the chest on climbing stairs or on attempting heavy manual work.  Although the doctor was of the opinion that decedent might have arteriosclerosis he never so advised him but only cautioned against physical exertion of any kind. The decedent died of a cerebral hemorrhage and immediately prior thereto had been pruning trees.

Subdivision 3 of section 249-r provided in part as follows: " Any transfer of a material part of his property made by the decedent within two years prior to his death, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this article * * *."

The courts hold that the " words ' in contemplation of the death ' do not refer to that general expectation which every mortal entertains, but rather the apprehension which arises from some existing condition of body or some impending peril * * *." (*Matter of Baker,* 83 App. Div. 530, 533, affd. 178 N. Y. 575.)

The pneumonia attacks, the complaints of the decedent to the doctor, the anxiety expressed in connection with his heart, coupled with the doctor's admonitions, would seem convincing proof that the decedent was apprehensive about his physical condition and that the transfers made by him as set forth in schedule G of the estate tax return were made in contemplation of death within the meaning of the statute and the rule above set forth, and the order assessing the tax is accordingly affirmed.

The court holds that the testimony of Lucy H. W. Stevenson as to conversations and transactions with the decedent is competent, and the objections thereto are overruled.

An order may be entered in accordance with this opinion.